THOMAS G. BEECHER, RESPONDENT, *v.* EDWARD KENDALL AND MERRICK KENDALL, APPELLANTS.

*Offer in Justices' Court — acceptance of — what sufficient — Code of Procedure,*
§ 64, *sub.* 15.

APPEAL from a judgment of the Schuyler County Court, affirming a judgment of a justice of the peace.

Upon the return day of the summons, the parties appeared before the justice, and the plaintiff presented a written complaint. After the presentation of such complaint to the justice, the defendants made an offer in writing, allowing judgment to be taken against them, in favor of the plaintiff, for the sum of thirty dollars and sixty-eight cents, pursuant to subdivision 15 of section 64

of the Code of Procedure. The offer was dated, and signed by both of the defendants, and fully meets every requirement.

In the original return, the justice says that, upon this offer being made and presented, he immediately entered judgment in favor of the plaintiff and against the defendants for the sum of $30.68, the amount of the offer, with $3.40 costs, making the total judgment $34.08. In an amended return, the justice states substantially as follows: "That the offer of judgment was in writing, and was filed; that the plaintiff verbally accepted the offer, and that he entered the acceptance in the docket by the direction and assent of the plaintiff and defendants." And then immediately rendered the judgment aforesaid.

The court, at General Term, said: "The appellants claim that there was no sufficient acceptance of the offer, and that, as no evidence was produced, there is nothing to sustain the judgment. This is the only real question presented for review." It is provided by section 64 of the Code, old Code, sub. 15, as follows: "The defendant may, on the return of process and before answering, make an offer in writing to allow judgment to be taken against him for an amount to be stated in such offer, with costs. *The plaintiff shall thereupon, and before any other proceeding shall be had in the action, determine whether he will accept or reject such offer. If he accept the offer, and give notice thereof in writing, the justice shall file the offer and acceptance thereof, and render judgment accordingly.*" The offer clearly was in form, and was filed, and fully met the requirements of the above language.

In the amended return, the justice says that the plaintiff accepted verbally the offer, in the presence and hearing of the parties, and that the acceptance was entered in his docket by the direction and assent of the plaintiff and defendants. Whereupon he rendered his judgment *immediately.* So, it is to be presumed that all this took place in the presence of the parties, and by their direction and assent. At least no objection was interposed, and I do not think now the appellants should be allowed to allege as error a proceeding of the justice, to which they assented and in part directed. The acceptance was in writing; it was placed on the docket by the justice, by the direction and assent of both parties. The provision of the Code was thus substantially complied

with; but, if not, the defendants cannot here take advantage of the error.

Again, it was a substantial confession of judgment by the defendants when all the parties were present before the justice. (2 Wait's Law and Practice, 704; *Gates* v. *Ward*, 17 Barb., 424.)

It is the duty of appellate courts to indulge in every reasonable and warrantable intendment and presumption, in order to sustain proceedings and judgments of inferior tribunals. (*Schoonmaker* v. *Spencer*, 54 N. Y., 366.) The judgment must be affirmed with costs.

*B. W. and C. M. Woodward*, for the appellants  *O. P. Hurd*, for the respondent.

Opinion by OSBORN, J.; LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed with costs.